UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

ROBERTO N.M.,

                Petitioner,

v.

PAMELA BONDI, *U.S. Attorney General*;

DAREN K. MARGOLIN, *Director, Executive Office for Immigration Review*;

EXECUTIVE OFFICE FOR IMMIGRATION REVIEW;

KRISTI NOEM, *Secretary, U.S. Department of Homeland Security*;

DEPARTMENT OF HOMELAND SECURITY;

TODD M. LYONS, *Acting Director of Immigration and Customs Enforcement*;

IMMIGRATION AND CUSTOMS ENFORCEMENT; and

DAVID EASTERWOOD, *Acting Director, St. Paul Field Office, Immigration and Customs Enforcement*,

                Respondents.

Civil No. 26-799 (JRT/DTS)

**MEMORANDUM OPINION AND ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Clara Ester Fleitas-Langford, David L. Wilson, **WILSON LAW GROUP**, 3019 Minnehaha Avenue, Minneapolis, MN 55406, for Petitioner.

Ana H. Voss, Jesus Cruz Rodriguez, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415 for Respondents.

Petitioner Roberto N.M. was arrested and detained by United States Immigration and Customs Enforcement ("ICE") on January 28, 2026. Roberto N.M. petitions for a writ of habeas corpus, arguing that he is being detained unlawfully. Because the Court concludes that Roberto N.M.'s detention is unlawful, the Court will grant his petition for writ of habeas corpus and order that he be released from custody.

## BACKGROUND

Roberto N.M. is a citizen and native of Mexico. (Verified Pet. Writ of Habeas Corpus ("Pet.") ¶ 26, Jan. 28, 2026, Docket No. 1.) He entered the United States without inspection in 2006. (*Id.* ¶ 27.)

On January 28, 2026, ICE arrested Roberto N.M. without a warrant. (*Id.* ¶¶ 30–31.) He was taken into custody and detained at the Bishop Henry Whipple Federal Building in Fort Snelling, Minnesota. (*Id.* ¶ 32.) Roberto N.M. was transferred to a facility in El Paso, Texas shortly thereafter. (Response, Jan. 31, 2026, Docket No. 5.)

Also on January 28, 2026, Roberto N.M. filed a Verified Petition for Writ of Habeas Corpus, alleging that his continued detention is unlawful and requesting that the Court order his immediate release, or alternatively, a bond hearing. (*Id*. ¶¶ 77–112.)

The next day, the Court issued an order (1) enjoining Respondents from transferring Roberto N.M. outside the District of Minnesota pending a ruling on his

habeas petition, and (2) directing Respondents to file an answer by February 1, 2026. (Docket No. 3.) The Respondents answered the Petition (Docket No. 5), and Roberto N.M. replied (Docket No. 6).

## DISCUSSION

Respondents argue that Roberto N.M. is subject to mandatory detention under 8 U.S.C. § 1225(b)(2). After thorough review of the parties' filings, the Court concludes that the legal issues presented by Roberto N.M.'s habeas petition are subject to the same analysis the Court recently employed in *Herrera Avila v. Bondi*, No. 25-3741, 2025 WL 2976539 (D. Minn. Oct. 21, 2025) and *Romero Santuario v. Bondi*, No. 25-4296, 2025 WL 3469577 (D. Minn, Dec. 2, 2025). The factual record before the Court shows that Roberto N.M. was arrested while already in the United States. For the same reasons articulated in *Herrera Avila* and *Romero Santuario*, the Court concludes that it possesses jurisdiction over this petition, and that Roberto N.M.'s detention is not authorized by § 1225(b)(2).

The Court therefore turns to the proper remedy. In previous cases involving this issue, the Court has concluded that a bond hearing pursuant to § 1226(a) is the appropriate remedy. However, the Court is now persuaded that where, as here, (1) Respondents erroneously assert that a detainee is being held pursuant to § 1225(b)(2); and (2) Respondents have not produced a warrant, as is required to effectuate an arrest pursuant to § 1226(a), the appropriate remedy is release from custody. *See, e.g.*, *Ahmed M. v. Bondi*, No. 25-4711, 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026); *Lauro M. v. Bondi*, No. 26-134, 2026 WL 115022, at *3 (D. Minn. Jan. 15, 2026); *cf. Munaf v. Geren*, 553 U.S.

674, 693 (2008) ("Habeas is at its core a remedy for unlawful executive detention. . . . The typical remedy for such detention is, of course, release.").

The Court will grant Roberto N.M.'s petition for writ of habeas corpus and order that he be returned to Minnesota and then released from custody.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner Roberto N.M.'s Verified Petition for Writ of Habeas Corpus (Docket No. [1]) is **GRANTED**, as follows:

    a. Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

    b. Respondents shall **TRANSPORT** Petitioner to Minnesota and **RELEASE** Petitioner from custody immediately. Petitioner's release in Minnesota must occur **no later than 48 hours after the filing of this Order**.

    c. If Petitioner is being detained in Minnesota, Respondents shall **RELEASE** Petitioner from custody as soon as practicable, and **no later than 48 hours from the filing of this Order**.

    d. Given the severe weather conditions in Minnesota, Respondents are **ORDERED** to coordinate with Petitioner's counsel to ensure that upon Petitioner's release, they are not left outside in dangerous cold. It is preferable to release Petitioner to counsel to ensure humane treatment.

e.  Respondents must release Petitioner with all personal effects, such as driver's licenses, passports, or immigration documents, and without conditions such as location tracking devices.

f.  The parties shall provide the Court with a status update concerning the status of Petitioner's release by **no later than 5:00 p.m. on February 4, 2026**.  Further, the parties shall advise the Court whether any additional proceedings in this matter are required and submit any proposals for the scope of further litigation.

DATED: February 1, 2026                              \_\_\_\_\_/s/ John R. Tunheim\_\_\_\_\_
at Minneapolis, Minnesota,                                     JOHN R. TUNHEIM
at 8:41 P.M.                                                           United States District Judge